UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S & S COMMUNICATION SERVICES, INC., a Pennsylvania Corporation,<br><br>**Plaintiff,**<br><br>v.<br><br>CLEARFIBER, INC., a West Virginia Corporation, DBI NETWORKS, LLC, a West Virginia limited liability company, HENSON, LLC, a West Virginia limited liability company, and TIMOTHY CHAD HENSON, an individual,<br><br>**Defendants.** | Civil Action No. 2:21-cv-408<br><br>**JURY TRIAL DEMANDED** |

### DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT

Defendants Clearfiber, Inc. DBI Networks, LLC, Henson, LLC, and Timothy Chad Henson ("Defendants") by and through their counsel, The Skeen Firm, PLLC, hereby answers the Complaint of S & S Communication Services, Inc. as follows:

#### I.   NATURE OF THE CASE

1. Admitted in so far as Plaintiff brought the action under 18 U.S.C. Section 1961, *et. seq.* All other allegations contained in Paragraph 1 are denied.

2. Denied.

3. Denied.

#### II.   PARTIES

4. Admitted as to Plaintiff's corporate existence. Defendants are without sufficient information or belief to admit or deny the remaining allegations of Paragraph 4. To the extent that a response is required, Defendants deny same.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

### III.   JURISDICTION

9. Admitted in part; denied in part. Paragraph 9 contains a conclusion of law to which no response is required. Defendants deny that there is an amount in controversy over $75,000 and therefore deny that the Court has original subject matter jurisdiction.

10. Denied.

11. Admitted.

12. Admitted.

### IV.   COMMON ALLEGATIONS

**A. <u>Defendants Defrauded S & S and Submitted Fraudulent Claims to the Government.</u>**

13. Admitted. Upon information and belief Defendants admit Plaintiff is a family-owned business in Pennsylvania.

14. Admitted in part; denied in part. Defendants agree that a conversation occurred regarding Plaintiff performing services. Defendants deny a contract exists. If one does exist, it is oral with no set terms.

15. Admitted in part; denied in part. Defendants agree that Plaintiff performed certain services. Defendants deny agreeing to render payment within 30 days.

16. Admitted.

17. Admitted.

18. Admitted.

19. Admitted in part; denied in part. Defendant admits to receipt of invoices. Defendant denies the blanket statement regarding payment in full, as full payment required specific invoicing that is still lacking. Further, Defendant is without information or belief as to which "other agents of ClearFiber" Plaintiff alleges made any such representation and therefore denies same.

20. Admitted in part; denied in part. Defendants admit to requesting a blank invoice. Defendants deny that they agreed to submit invoices for payment within a week. Defendants further deny that Defendants had any duty or obligation to pay a non-conforming invoice within thirty days.

21. Denied as stated. The allegation that the invoice was "fraudulent" is a legal conclusion which does not require a responsive pleading. To the extent it may require a response, Defendant denies same. Defendant admits to generating an invoice to provide an example of how the invoices should look for submission. Defendant denies that the invoice was for work as billed in Paragraphs 16-18.

22. Denied as stated. Defendant admits the invoice contained different descriptions than those invoices in Paragraphs 16-18 and further avers they were for future work Defendant anticipated Plaintiff completing. Defendant denies that the invoice was for work as billed in Paragraphs 16-18.

23. Denied as stated. Defendants admit that the invoice was for a future project in West Virginia and deny its applicability to Plaintiff's invoices.

24. Admitted in part; denied in part. Defendants admit that Plaintiff informed Defendants of the misstated amount. Defendants deny that the invoice was for the work performed and further avers it was for future work in West Virginia.

25. Denied as stated. Defendants admit only that they won a bid to perform services under a $1.96 million federal grant. Defendants deny receiving any funding before work is performed.

26. Denied as stated. Defendants admit only that they won a bid to perform services under a $200,000 grant from the Greene County Broadband Project. Defendants deny receiving any funding before work is performed.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

**B. <u>Defendants Have Engaged in a Pattern of Criminal Fraud Against Multiple Victims.</u>**

31. Denied.

32. Admitted.

33. Denied as stated. By way of further answer, these allegations are inflammatory regarding an investigation where no charges were filed. These allegations involve work performed without a permit and Defendants' companies were ordered to cease operations by a regulatory agency in Ohio.

34. Denied as stated. By way of further answer, this allegation involved a garden variety breach of contract matter in West Virginia.

35. Denied. Defendants are without sufficient knowledge as to these alleged potential claims.

36. Admitted. By way of further answer, Defendant avers that City was paid all monies owed and all State liens were released.

37. Denied.

## COUNT I

## <u>CIVIL RACKETEERING INFLUENCED AND CORRUPT ORGANIZATIONS ACT (RICO); 18 U.S.C. 1962 *et seq.*</u>

38. Defendants incorporates by reference their answers to the proceeding Paragraphs as if set forth at length herein.

39. Denied. Paragraph 39 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 39 is denied.

40. Denied. Paragraph 40 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 40 is denied.

41. The allegations contained in Paragraph 41 and subparts (a) through (f) thereof are denied.

42. Denied.

43. Denied.

### <u>Mail and Wire Fraud under 18 U.S.C. 1341 and 1343</u>

44. Denied. Paragraph 44 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 44 is denied.

45. Denied as stated. Paragraph 45 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 45 is denied.

46. Denied.

47. Denied. Paragraph 47 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 47 is denied.

48. Denied.  Paragraph 48 is a conclusion of law to which no responsive pleading is required.  To the extent a responsive pleading is required, Paragraph 48 is denied.

**Transportation of Money Taken by Fraud under 18 U.S.C. 2314**

49. Denied. Paragraph 49 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 49 is denied.

50. Denied. Paragraph 50 and subparts (a) and (b) are a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, the allegations contained in Paragraph 50 and subparts (a) and (b) are denied.

51. Denied. Paragraph 51 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 51 is denied.

52. Denied. Paragraph 52 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 52 is denied.

53. Denied. Paragraph 53 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 53 is denied.

54. Denied. Paragraph 54 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 54 is denied. The allegations contained in subparts (a) through (d) are also denied.

55. Denied. Paragraph 55 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 55 is denied.  The allegations contained in subparts (a) through (d) are also denied.

56. Denied. Paragraph 56 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 56 is denied.

57. Denied. Paragraph 57 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 57 is denied.

58. Denied. Paragraph 58 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 58 is denied.

## COUNT II

## FRAUD

59. Defendants incorporate by reference their answers to the proceeding Paragraphs as if set forth at length herein.

60. Denied.

61. Denied. Paragraph 61 is a conclusion of law to which no responsive pleading is required. To the extent a responsive pleading is required, Paragraph 61 is denied.

62. Denied.

63. Denied.

## COUNT III

## BREACH OF CONTRACT

64. Defendants incorporate by reference their answers to the proceeding Paragraphs as if set forth at length herein.

65. Denied.

66. Denied as stated. Defendant denies a contract exists. To the extent one does exists, Defendant is without sufficient knowledge as to the specific terms of the contract.

67. Denied as stated. Defendants deny a contract exists. To the extent one does exists, Defendants are without sufficient knowledge as to the specific terms of the contract.

68. Denied. Plaintiff alleges to performing services and submitting invoices in the amount of $40,727.60.

69. Denied as stated. Defendant denies a contract exists. To the extent one does exists, Defendant is without sufficient knowledge as to the specific terms of the contract.

## COUNT IV

## UNJUST ENRICHMENT/QUANTUM MERUIT

70. Defendants incorporate by reference their answers to the proceeding Paragraphs as if set forth at length herein.

71. Admitted.

72. Defendants can neither admit or deny the allegations contained in Paragraph 72, as Defendants are without sufficient information or knowledge as to Plaintiff's motives in providing services. To the extent a response is required, Defendants deny same.

73. Denied as stated. Defendant accepted the services expecting it could submit a compliant invoice for reimbursement of grant funds.

74. Denied. Defendants have not been paid with grant funds for the services Plaintiff performed.

## PRAYER FOR RELIEF

WHEREFORE, Defendants deny that Plaintiff is entitled to any of the relief requested in the unnumbered WHEREFORE clause following Paragraph 74, including items 1 through 9. Defendants also respectfully request that the Court dismiss Plaintiff's Complaint with prejudice and enter judgment in favor of Defendants.

## JURY TRIAL DEMAND

Defendants deny that Plaintiff is entitled to a jury.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

75. Plaintiff's Complaint fails to state a claim against Defendants upon which relief may be granted.

### SECOND DEFENSE

76. Plaintiff's RICO claims are barred to the extent that the Defendants have not committed a predicate act as required by 18 U.S.C. 1861.

### THIRD DEFENSE

77. Plaintiff's RICO claims are barred because said claims were not the proximate cause of any alleged damage, rather that was caused by breach of contract if at all.

### FOURTH DEFENSE

78. Plaintiff's RICO claims are barred because the mail fraud allegations used to show a predicate act were not plead with a level of specificity as required in Fed. R. Civ. P. 9(b).

### FIFTH DEFENSE

79. Plaintiff's RICO claims are barred because said claims fail to show that there is a distinct difference between the "person" and "entity" and instead use both to support a general insistence that Defendants are a criminal enterprise.

### SIXTH DEFENSE

80. Plaintiff's fraud claims are barred because Plaintiff failed to plead said claims with a level of specificity as required in Fed. R. Civ. P. 9(b)

                                              Respectfully submitted,

Date: <u>April 28, 2021</u>                      <u>/s/ *Brocton G. Skeen*</u>
                                              Brocton G. Skeen, Esq. (Pa. I.D. No. 325164)
                                              **THE SKEEN FIRM PLLC**
                                              2400 Ansys Drive, Suite 102
                                              Canonsburg, PA 15317
                                              Phone: 724-550-6979
                                              Fax:    724-203-6454
                                              Email: bskeen@theskeenfirm.com

                                              *Attorney for the Defendants Clearfiber, Inc., DBI Networks, LLC, Henson, LLC and Timothy Chad Henson*

**CERTIFICATE OF SERVICE**

I hereby certify that on April 28, 2021, I filed a true and correct copy of the foregoing DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT electronically with the Clerk of Court using the CM/ECF system and served a copy of the same on Plaintiff's counsel using the CM/ECF system.

Dated: April 28, 2021               /s/ *Brocton G. Skeen*
                                    Brocton G. Skeen